*Gao v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's local rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand twenty-four.

PRESENT:
>BARRINGTON D. PARKER,
>GERARD E. LYNCH,
>MARIA ARAÚJO KAHN,
>>*Circuit Judges*.

_____

YING GAO,

>*Petitioner*,

>v.                                                      20-2802-ag

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

>*Respondent*.

_____

FOR PETITIONER:                          Gerald Karikari, New York, NY.

FOR RESPONDENT:                          Brian Boynton, Acting Assistant
                                         Attorney General; Nancy Friedman,
                                         Senior Litigation Counsel, Office of
                                         Immigration Litigation; Margaret A.
                                         O'Donnell, Trial Attorney, Office of
                                         Immigration Litigation, United States
                                         Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this order.

Petitioner Ying Gao ("Gao"), a native and citizen of the People's Republic of China, seeks review of a July 29, 2020, decision of the BIA affirming a July 16, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Gao*, No. A205 609 394 (B.I.A. July 29, 2020), *aff'g* No. A205 609 394 (Immig. Ct. N.Y. City July 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under these circumstances, we review the IJ's decision as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). In doing so, we review the agency's factual findings, including its credibility determinations, for substantial evidence, and "treat [those] findings as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Hong Fei Gao v. Sessions*, 891 F.3d 67,

76 (2d Cir. 2018) (quoting 8 U.S.C. § 1252(b)(4)(B)).  We review the agency's legal conclusions *de novo*.  *Id.*

To establish eligibility for asylum, an applicant, like Gao, who does not rely on past persecution but rather fear of future persecution must demonstrate an objectively reasonable fear of future persecution by either: (1) "offering evidence that he or she would be singled out individually for persecution[,]" or (2) "prov[ing] the existence of a pattern or practice in his or her country of nationality . . . of persecution of a group of persons similarly situated to the applicant."  *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008) (per curiam) (alterations in original) (internal quotation marks omitted); *see also* 8 C.F.R. § 208.13(b)(2)(iii) (same).  Either ground is sufficient to establish eligibility for asylum.  When attempting to establish fear of future persecution based "exclusively on activities undertaken after h[er] arrival in the United States," an applicant "must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities or likely to become aware of h[er] activities."  *Hongsheng Leng*, 528 F.3d at 138, 143.

Here, Gao alleges that she has a well-founded fear of future persecution in China based on her practice of Christianity in the United States and seeks to prove eligibility for asylum under both grounds.  The IJ rejected both claims, concluding that Gao failed to establish that government officials in China are aware or are likely to become aware of her practice of Christianity or that there is a pattern or practice of persecution of

3

Christians in Gao's home province of Fujian. As explained below, remand is warranted because the IJ erred in finding insufficient evidence to sustain Gao's claim that the Chinese government is aware or is likely to become aware of her practice of Christianity without following the proper framework for rejecting it, and the BIA failed to acknowledge the IJ's errors.

"An applicant's credible testimony, standing alone, may be sufficient to establish a claim for asylum, 'but only if [she] satisfies the trier of fact that [her] testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee.'" *Pinel-Gomez v. Garland*, 52 F.4th 523, 529 (2d Cir. 2022) (quoting 8 U.S.C. § 1158(b)(1)(B)(ii)). Under 8 U.S.C. § 1158(b)(1)(B)(ii), "[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." Accordingly, "[a]n IJ may deny a claim for relief based on the applicant's failure to provide reasonably obtainable corroborating evidence." *Pinel-Gomez*, 52 F.4th at 529. To do so, however, "the IJ must '(1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the omission, and (3) assess any explanation given.'" *Id.* (quoting *Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018)).

Here, the IJ failed to comply with this legal framework in rejecting Gao's claim that Chinese authorities are aware of her Christian beliefs. In the oral decision denying

4

the petition, the IJ stated that, overall, Gao "was a credible witness."[1]  CAR at 48.  Gao's

credible testimony included, among other things, that Chinese officials are aware of her

Christian beliefs because she testified that she previously "sent a bible and the Gospel

with other materials" to her mother and a friend in China and, shortly thereafter, local

"officials[] and the police" went to her mother's home, "threatened" her mother with

arrest and told her mother that "if [Gao] were to come back," both Gao and her mother

would be "arrested by the government."  *Id.* at 81–83.

Despite this testimony, the IJ concluded that Gao failed to meet her burden of

establishing a well-founded fear of future persecution.  The IJ opined that "[t]he only

documentary evidence presented to support the allegation that the Chinese government

is aware of [her] religious practice [is] an undated letter from her friend and a letter from

her mother from June of 2018, a little over a month ago."  *Id.* at 49.  The IJ noted that it

"accorded very little [evidentiary] weight" to the letter from Gao's mother because she is

an "interested party who is not subject to cross-examination."  *Id.*  The IJ also noted that

it gave little evidentiary weight to the letter from Gao's friend because "it was vague" and

the friend was also "not subject to cross-examination."  *Id.* at 50.  The IJ then repeated that

"the Court has no objective documentary evidence that was not created for the purposes

---

[1]  The only shortcoming the IJ identified regarding the credibility of Gao's testimony was her inability to explain the "denomination of Christianity she belonged to . . . ."  Certified Administrative Record ("CAR") at 48.  The IJ noted, however, that "this in and of itself is insufficient to find that [Gao] was not credible, given her other testimony."  *Id.*

of litigation to establish that [Gao's] religious activities in the United States are known to the Chinese government, or that the authorities spoke to [her] mother and friends about whether she is practicing Christianity." *Id.*

The IJ's conclusion that Gao failed to meet her burden of proof is based on the lack of sufficient corroborating evidence. As mentioned above, where, as here, the petitioner's testimony is deemed credible, but the IJ finds that additional corroborating evidence is necessary to satisfy the burden of proof, the IJ is required to "(1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the [petitioner] an opportunity to explain the omission, and (3) assess any explanation given." *Wei Sun*, 883 F.3d at 31; *see also Pinel-Gomez*, 52 F.4th at 529. Because the IJ failed to comply with these requirements here, we remand for the agency to reconsider Gao's claim that she will be singled out for persecution if she returns to China.[2] *See Manning v. Barr*, 954 F.3d 477, 485 (2d Cir. 2020) ("We have before vacated and remanded where, for example, 'the IJ identified no inconsistencies in the [petitioner's] testimony and made no adverse credibility finding, [but] apparently dismissed significant portions of the [petitioner's] testimony as uncorroborated, without discussing whether such corroboration would have been obviously material and reasonably available.'" (alterations in original) (quoting *Poradisova v. Gonzales*, 420 F.3d 70, 79 (2d Cir. 2005))).

---

[2] We express no opinion on the ultimate success of Gao's claim. However, if the agency concludes on remand that Gao's asylum claim should be denied for lack of corroboration, it must comply with the requirements set forth in *Wei Sun*. *See* 883 F.3d at 31.

We note, however, that the agency did not err in concluding that Gao failed to establish a well-founded fear of future persecution based on a pattern or practice of persecution. Where country conditions vary, the applicant is required to show a pattern or practice of persecution in her specific home region. *See Liang v. Garland*, 10 F.4th 106, 117 (2d Cir. 2021) ("[B]ecause the IJ found that none of [the petitioner's] evidence speaks to persecution occurring in [the petitioner's] home province of Fujian, he has failed to carry his burden of proof."). Here, Gao submitted the State Department's 2016 International Religious Freedom Report for China. That report, as the IJ noted, does not discuss the persecution of Christians in Fujian province. Accordingly, the agency did not err in concluding that Gao failed to establish a pattern or practice of persecution sufficient to support her asylum claim. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (per curiam) (denying petition where agency considered background materials and rejected pattern or practice claim because conditions varied across the country).

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7